WIEGAND et al. v. W. BINGHAM CO. et al.

No. 4891.

District Court, N. D. Ohio, E. D.

May 3, 1937.

158

Hull, Brock & West, of Cleveland, Ohio, for plaintiff.

Bates, Golrick & Teare, of Cleveland, Ohio, and Jones, Addington, Ames & Seibold and Ames, Thiess, Olson & Mecklenburger, all of Chicago, Ill., for defendant.

JONES, District Judge.

Both parties have filed exceptions to the Master's report. The questions of the validity and infringement in respect of three patents were for consideration. Plaintiffs presented two patents to Wiegand issued in January, 1927, and the defendants counterclaimed with one patent to Lightfoot, issued in 1929 on application filed in 1927. All three patents relate to electric heaters. Wiegand's are called strip, and Lightfoot's space heaters. The first Wiegand is a combination and arrangement of parts of a heater, and is claimed to disclose a new article of manufacture. Upon review, I think that the Master correctly gave a narrow scope to the elements asserted to be new with Wiegand; and, as limited he upheld its validity, but found it not infringed by the defendant. The second Wiegand resulted from an application for a division of the first Wiegand, describing nothing essentially different from the original drawings. Although entertaining doubt as to validity because of probable improper division, and because of no substantial patentable distinction between it and the first Wiegand, the Master concluded that the claims in issue were valid but not infringed.

Upon due consideration of the infirmities noted in the Wiegand division patent, the Master's report will be modified by a conclusion that this patent is invalid. The Master found no patentable difference between sheath construction of the defendant Lightfoot's patent and plaintiff's article, although he did find a difference in type of insulation as between the two, and concluded that the claims of Lightfoot were invalid.

A consideration of the claims of all three of these patents leaves the mind in a state of wonder as to whether the difference in combination and arrangement contended for as between them is not one of words, rather than substance and novel elements. The use and character of insulation, the disposition of terminals, and the rearrangement of constructions of the prior art, strike me as the result of mechanical selection or skill, and not as the embodiment of original conception.

If there may be thought to be any patentable or mechanical difference in the original Wiegand over others in the art, it must be held to be the specific character of insulation provided for the electric resistor and the disposition of the terminals. Certainly, the protective metal sheath as an enclosure was old in the art. Commercial success may turn the scales in favor of validity when there is doubt, but the only doubt was found by the Master to reside in the elements to which genuine novelty was limited. I am unable to find any basis for a substantially different conclusion.

The space heater of Lightfoot is claimed as an adaptation of the Abbott-Lightfoot tubular heater to additional uses. This, it is asserted, was accomplished by rearrangement of old elements into a novel combination of the space and tubular heaters. But rearrangement of old constructions by a combination obviously the result of mechanical choice or skill does not amount to patentable novelty. A difference in the shape of the sheath certainly presents no patentable departure, and the heat dissipating vanes are disclosed by British Barman and Abbott 939.

The Master's conclusion of invalidity will be approved and adopted. A decree may be entered accordingly.